Alma WALTON, Individually and as Administratrix of the Estate of Homer Walton, Plaintiff-Appellant,

v.

John SALTER et al.,
Defendants-Appellees.

No. 76–1389
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1976.

As Amended on Denial of Rehearing
Feb. 25, 1977.

Robert O. Homes, Jr., August J. Bubert, Metairie, La., for plaintiff-appellant.

Samuel E. Farris, Hattiesburg, Miss., for defendants-appellees.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

On the evening of December 29, 1973, the Police Department of Hattiesburg, Mississippi, received a report that an armed robbery was in progress at a local grocery

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

store. Officers John E. Salter and A. W. Steen responded to the call and were proceeding toward the store when their police car struck and killed Homer Walton as he attempted to cross the street. Alma Walton, the decedent's widow, brings this action for damages under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.[1] The district court dismissed the complaint for lack of federal jurisdiction, holding that a negligence action does not provide a basis for federal jurisdiction under 42 U.S.C. § 1983.

The obvious concern of the court, to prevent § 1983 from being transformed into an avenue for any type of general tort action against government officials, was well placed. Even plaintiff seems to concede that a showing of an isolated case of negligent operation of a police car would not state a claim under § 1983. Appellant's brief at 12–13. Plaintiff claims instead that there was a continuing and general pattern of grossly negligent operation of Hattiesburg police vehicles and that such a showing would be sufficient to establish federal jurisdiction. She seeks, accordingly, the benefit of discovery to establish these jurisdictional facts.

■ We affirm the district court on the narrow ground that the complaint in this case simply does not assert the theory advanced by plaintiff before us. It states only that the actions of the officers and the city *with respect to the Walton accident* were negligent and in willful and wanton disregard for the safety of others; there is no reference whatsoever to the general pattern of police activity in Hattiesburg. Plaintiff therefore has failed to plead the claim that she asserts is sufficient under § 1983 and instead has pleaded one which she concedes cannot be the basis of federal jurisdiction: an isolated act of negligence.

■ Moreover, we note that the claim of a general pattern of negligent police vehicle operation, asserted by plaintiff in her brief, seems directed only against the City of Hattiesburg and not against the individual officers who are the subject of this action. But it is crystal clear that the city is not a "person" subject to suit under § 1983. *E. G., Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Musquiz v. City of San Antonio,* 528 F.2d 499 (5 Cir. 1976). Accordingly, it appears that plaintiff could state a "general pattern" claim under § 1983 only against the individual officers, and we do not understand this to be the thrust of their argument.

AFFIRMED.

---

1. Plaintiff also seeks, on appeal, to test the constitutionality of the sovereign immunity law of Mississippi. But there is no mention of such a claim in the complaint. Moreover, since there is no right of action against the City of Hattiesburg under § 1983, the constitutional question need not be reached in the absence of a prayer for injunctive or declaratory relief against the operation of the state law principle. The complaint seeks damages only and the statute alone is sufficient to preclude this claim.