LOKEN, Chief Judge,
dissenting in part.
In County of Sacramento v. Lewis, 523 U.S. 833, 836, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), the Supreme Court held that, *428 “in a high-speed automobile chase aimed at apprehending a suspected offender .... only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a [substantive] due process violation.” We subsequently held “that the intent-to-harm standard of Lewis applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender,” regardless of whether the chase conditions arguably afforded the pursuing officers time to deliberate. Helseth v. Burch, 258 F.3d 867, 871 (8th Cir.2001) (en banc), cert. denied, 534 U.S. 1115, 122 S.Ct. 924, 151 L.Ed.2d 888 (2002), overruling Judge Lay’s panel opinion in Feist v. Simonson, 222 F.3d 455 (8th Cir.2000). The majority declines to apply these controlling precedents to this case and, in so doing, needlessly creates a conflict in the circuits. I respectfully dissent.
The majority first limits Lewis and Hel-seth as precedents by refusing to apply their intent-to-harm standard to any high-speed police pursuit other than one “aimed at apprehending a suspected offender.” Supra p. 424. The majority then holds that the deliberate indifference standard applies in this case because deputies Larson and Longen had “a reasonable time to deliberate” in the police station before deciding to respond to the emergency call. Supra p. 424, quoting Neal v. St. Louis County Bd. of Police Comm’rs, 217 F.3d 955, 958 (8th Cir.2000). I disagree.
In adopting an intent-to-harm standard for the substantive due process claim in Lewis, the Supreme Court focused on the officer’s decision to give chase:
Like prison officials facing a riot, the police on an occasion calling for fast action have obligations that tend to tug against each other. Their duty is to restore and maintain lawful order, while not exacerbating disorder more than necessary to do ■ their jobs. They are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made in haste, under pressure, and frequently without the luxury of a second chance. A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to all those within stopping range, be they suspects, their passengers, other drivers, or bystanders.
... Just as a purpose to cause harm is needed for Eighth Amendment liability in a riot case, so it ought to be needed for due process liability in a pursuit case
523 U.S. at 853-54, 118 S.Ct. 1708 (citations and quotation omitted). This reasoning surely points to the same standard of causation for the situation faced by the officers in this case.
Deputies Larson and Longen had to decide whether to respond to an emergency domestic disturbance call in which a mother was reportedly locked in a bedroom threatening to harm her young child. Domestic disturbances are “notoriously volatile and unpredictable.” Elwood v. Rice County, 423 N.W.2d 671, 678 (Minn.1988). The police must arrive quickly to quell violence, protect children, and assist anyone who is injured, so responding will inevitably require the same type of high-speed driving as the chase of a fleeing suspect. The number of police officers needed to defuse the situation is rarely known in advance, so the decisions of available officers whether to respond “have to be made in haste, under pressure, and frequently without the luxury of a second chance.” *429 Thus, like the officer who made a quick decision to give chase in Lewis, Larson and Longen did not have “the luxury ... of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations.” 523 U.S. at 853, 118 S.Ct. 1708.
In these circumstances, the majority’s decision to apply a standard less than intent-to-harm flies in the face of Lewis. It also threatens to paralyze future police responses to emergencies, thereby increasing the risk of harm to citizens cáught up in these crises. See Helseth, 258 F.3d at 871. No doubt for this reason, every circuit to consider the issue prior to Lewis concluded that police officers are not subject to substantive due process liability for driving recklessly in response to emergencies other than suspect pursuits. See Apodaca v. Rio Arriba County Sheriffs Dep’t, 905 F.2d 1445 (10th Cir.1990) (responding to burglar alarm with neither lights nor siren activated); Cannon v. Taylor, 782 F.2d 947 (11th Cir.1986) (responding to disturbance with neither lights nor siren activated); Walton v. Salter, 547 F.2d 824 (5th Cir.1976) (responding to armed robbery call).[5]
For these reasons, I conclude that the intent-to-harm standard of Lewis applies to a police officer’s high-speed driving in response to other types of emergencies, as the Seventh Circuit held in Carter v. Simpson, 328 F.3d 948, 952 (7th Cir.2003). Plaintiffs presented no evidence that Deputy Larson intended “to cause harm unrelated to the legitimate object of’ responding to the emergency. Lewis, 523 U.S. at 836, 118 S.Ct. 1708. Therefore, I would reverse the order of the district court in part and remand with directions to dismiss all of plaintiffs’ substantive due process claims.
In addition to ignoring the mandates of Lewis and Helseth and creating a needless conflict with the Seventh Circuit’s decision in Carter, the majority’s decision has two other serious flaws:
1. The majority ignores whether the intent-to-harm standard should apply to the manner in which Deputy Larson drove the police vehicle at high speed. Two aspects of a police officer’s conduct are open to challenge in this type of case, the decision to engage in high-speed driving and the way the police car is then driven. In this case, plaintiffs placed both at issue, alleging that the deputies’ decision to respond to the call and their operation of the vehicle “were conscience-shocking, and reckless, callous, outrageous and deliberately indifferent to the rights of Talena Terrell.” Even if the majority is correct in applying the deliberate indifference standard to Larson’s decision to respond, that decision was “outside the time period” of his subsequent high-speed driving. Neal, 217 F.3d at 959. The intent-to-harm standard of Helseth clearly applies to plaintiffs’ claims based upon the manner in which Larson drove his vehicle while responding to the emergency call. See Slusarchuk v. Hoff, 346 F.3d 1178, 1182-83 (8th Cir.2003) (quoting Helseth, 258 F.3d at 871), cert. denied, — U.S.-, 124 S.Ct. 2018, 158 L.Ed.2d 492 (2004).
2. To prevail on their substantive due process claim, plaintiffs must prove, not only that Deputy Larson’s behavior reflected deliberate indifference, but also that it was “so egregious, so outrageous, that it may fairly be said to shock the *430 contemporary conscience.” Lewis, 523 U.S. at 847 n. 8, 118 S.Ct. 1708.[6] Like the district court, the majority fails to consider whether Deputy Larson’s conduct was conscience shocking. Not all deliberately indifferent conduct is conscience shocking in the constitutional sense of the term. See Lewis, 523 U.S. at 849, 118 S.Ct. 1708 (“some official acts in this range may be actionable”) (emphasis added). Because the conscience-shocking standard is intended to limit substantive due process liability,[7] it is an issue of law for the judge, not a question of fact for the jury. See Collins v. City of Harker Heights, 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (“arbitrary government action that must ‘shock the conscience’ of federal judges”); City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 753, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (Souter, J., concurring in part and dissenting in part) (“Substantive due process claims are, of course, routinely reserved without question for the court,” citing Lewis 523 U.S. at 853-55, 118 S.Ct. 1708); Armstrong v. Squadrito, 152 F.3d 564, 581 (7th Cir.1998); Mason v. Stock, 955 F.Supp. 1293, 1308 (D.Kan.1997).[8]
In my view, Deputy Larson’s conduct was not conscience shocking as a matter of law. While the decision to respond committed the deputies to high-speed driving that always entails some risk to highway safety, responding to this type of emergency within a police officer’s assigned territory does not reflect the criminal recklessness that is a prerequisite to substantive due process liability under the deliberate indifference standard. See Farmer v. Brennan, 511 U.S. 825, 836-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Traffic accidents of this nature are tragic but do not shock the modern-day conscience. Thus, Deputy Larson is entitled to summary judgment even under the deliberate indifference standard of fault adopted by the majority.

. Courts have also declined to impose substantive due process liability on police officers for alleged careless driving in non-emergency situations. See Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir.1996), cert. denied, 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997); Hill v. Shobe, 93 F.3d 418, 420-21 (7th Cir.1996); Leddy v. Township of Lower Merion, 114 F.Supp.2d 372, 376 (E.D.Pa. 2000). This issue is not before us.

. To violate substantive due process, the conduct of an executive official must be conscience shocking and must violate "one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.” Moran v. Clarke, 296 F.3d 638, 651 (8th Cir.2002) (en banc) (Bye, J., concurring and writing for a majority on this issue) (quotation omitted). The latter inquiry is not an issue in this case.

. As the Court repeated in Lewis, "the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.” 523 U.S. at 848, 118 S.Ct. 1708 (quotation omitted).

.Our court has not squarely addressed this issue. Compare Rogers v. City of Little Rock, 152 F.3d 790, 797 (8th Cir.1998) (affirming a district court "conclusion” that conduct was conscience shocking), with Hawkins v. Holloway, 316 F.3d 777, 784 (8th Cir.2003) (concluding that the evidence "is insufficient to raise a genuine issue of fact concerning whether that conduct ... was conscience shocking”).