931 F.2d 1465
 George LEMON, Plaintiff-Appellee,
Barry Adderson, Plaintiff,
v.
Richard DUGGER, individually, P.E. Pickett, individually and
in his official capacity, R.D. Jones, individually
and in his official capacity,
Defendants-Appellants,
Florida Department of Corrections, the State of Florida, et
al., Defendants.
 No. 90-3330.
 United States Court of Appeals,
Eleventh Circuit.
 May 24, 1991.
 
 Robert Butterworth, Atty. Gen., Cecilia Bradley, Asst. Atty. Gen. (argued), Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellants.
 Peter P. Sleasman, Fla., Institutional Legal Services, Inc., Gainesville, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before ANDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 TUTTLE, Senior Circuit Judge:
 
 
 1
 Appellants, prison officials of the State of Florida, appeal from the judgment of the trial court granting relief to an inmate and from the trial court's denial of their motion for judgment on the pleadings and their motion for summary judgment.
 
 PRELIMINARY STATEMENT
 
 2
 This appeal involves the constitutional protection accorded prison inmates with respect to "legal mail," that is mail between the inmates and counsel.
 
 I. STATEMENT OF THE CASE
 
 3
 Appellee, an inmate in the Florida prison system, initiated these proceedings through counsel with the filing of a civil rights complaint under 42 U.S.C. Sec. 1983. He alleged that appellant Jones had opened his legal mail in appellee's presence and had read it. He further alleged that appellants Pickett and Dugger knew of this unconstitutional practice and approved of the practice, failing to take steps to stop it and better train the officer.
 
 
 4
 On filing their response, appellants filed their motion for summary judgment. The court denied the motion for summary judgment and also denied appellants' motion for rehearing. Thereupon, appellants took an appeal to this Court from the denial of appellants' motion for summary judgment. This Court affirmed the order of the district court. More than ninety days after remand, appellants filed a second motion for summary judgment. The trial court denied this motion, stating that it was untimely filed.
 
 
 5
 The case was set for trial and on that day, defendants filed a motion for judgment on the pleadings, which was denied by the trial court. The case was tried before a jury which returned a verdict for the plaintiff. The court thereafter denied appellant's motion for judgment notwithstanding the verdict and this appeal followed.
 
 II. STATEMENT OF THE FACTS
 
 6
 On May 1, 1984 appellant Jones, carrying out his duties at the Florida State Prison, delivered an envelope to appellee George Lemon which was marked "legal mail" and bore the return address of the Bartow Public Defender's office. Defendant Jones opened the letter in Lemon's presence and inspected it. At trial, Lemon testified that Jones stood in front of his cell and read his mail. Jones testified that he had only "scanned" the mail. He defined "scanning" as "glancing across the words" of the letter. Upon opening the letter, Jones removed the contents, unfolding it and examining it page-by-page. During his inspection, Jones observed a clipping of a newspaper photograph depicting a black male with a handwritten number across the top. Jones told Lemon he could not have the letter until his supervisor had reviewed the photograph. He then reviewed it with Pickett who determined that the mail contained contraband and could not be delivered.
 
 
 7
 The mail at issue was a letter sent to Lemon from his attorney, William C. McClain. Mr. McClain was a public defender representing Lemon on an appeal from his capital criminal conviction. Pickett was previously aware of the attorney-client relationship between McClain and Lemon, as indicated by the fact that one day before rejecting the said letter, Pickett had written to McClain regarding Lemon.
 
 
 8
 The letter from Mr. McClain was marked "legal mail" and was written on a letterhead from the office of the public defender. Attached to the letter was a photograph from a newspaper, which Lemon had previously given to McClain during an interview. On the clipping, Lemon had written the phone number of the office of the Federal Bureau of Investigation in Tampa. He had obtained the phone number from the newspaper article which had originally contained the photograph. The letter contained legal advice relating to the newspaper clipping. The letter was returned to Lemon two weeks later.
 
 III. ISSUES
 
 9
 (1) Did the trial court err in not dismissing the claim on defendants' motion for judgment on the pleadings?
 
 
 10
 (2) Did the trial court commit reversible error in not considering defendants' second motion for summary judgment?
 
 IV. DISCUSSION
 
 11
 Appellants open their brief by a reference to the Supreme Court opinion that clearly demonstrates the legal right that prisoners have to receive mail from their counsel uncensored by prison officials. In Wolff v. McDonell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court stated:
 
 
 12
 As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail.
 
 
 13
 418 U.S. at 577, 94 S.Ct. at 2985 (emphasis added).
 
 
 14
 Appellants then cite the Fifth Circuit decision [mistakenly cited as the Eleventh Circuit], but binding precedent on this Court of Taylor v. Sterrett, 532 F.2d 462 (5th Cir.1976). There, the Court held that it was a violation of an inmate's constitutional rights for the prison officials to read legal mail. As the Court noted:
 
 
 15
 The basic prisoner interest is an uninhibited communication with attorneys.... [P]risoners have a vital need to communicate effectively with [their attorneys]. This is to insure ultimately that the judicial proceedings brought against or initiated by prisoners are conducted fairly. Since the prisoner's means of communicating with these parties are restricted sharply by the fact of incarceration, the essential role of postal communication cannot be ignored.
 
 
 16
 532 F.2d at 475.
 
 
 17
 This right to receive uncensored and unread mail between counsel and inmate clients is fully recognized and made effective under Florida Department of Corrections Rule 33-3.05(5), Fla.Admin.Code and Florida Department of Corrections Policy and Procedure Directive, No. 4.07.06, Sec. IV. The Department of Corrections rule states that all incoming legal mail is to be forwarded unopened when it can be determined from the envelope that the correspondence is legal in nature and does not contain contraband. If inspection of the envelope is not enough, then the legal mail may be opened for inspection in front of the inmate, but only the signature and letterhead may be read.
 
 
 18
 Florida Department of Corrections Policy and Procedure Directive No. 4.07.06, Sec. IV, provides that when an inspection of the envelope cannot disclose whether it contains contraband "the legal mail will be opened for inspection, but only in the presence of the inmate concerned. Legal mail will not be censored or read."In light of this clear exposition of the constitutional right enjoyed by a prison inmate to have his legal mail delivered to him uncensored and in view of the fact that the jury found that the prison officials had actually read Lemon's legal mail, it is not surprising that appellants base their appeal entirely on their contention that even though Lemon had a constitutional right not to have his mail read, they had probable cause to read it. It is their contention that having probable cause overrides whatever constitutional right a prison inmate has. They raised this issue two ways, first by filing a motion for judgment on the pleadings on the day the trial commenced and by their second motion for summary judgment, both of which were denied.
 
 
 19
 (1) Motion for Judgment on the Pleadings
 
 
 20
 There can be no dispute about the fact that a motion by a defendant for a dismissal on the pleadings cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). In this case, the Court submitted the precise issue of probable cause to the jury under instructions that were agreed to by both parties and the jury found that no such probable cause existed. There is clearly no merit in the appellants' contention that no issue of fact existed. All the prison officials had to justify their reading of the letter was the fact that, clipped to the letter was a photograph of a man cut out of a newspaper, which had a number written across the top of it. Defendants contend that this newspaper clipping was contraband under the prison rules and that it presented a clear threat of some kind to the institution.
 
 
 21
 We conclude that the trial court did not err in determining that the pleadings did not demonstrate that the plaintiff could not prove a set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, supra. Thus, the trial court did not err in denying the motion for judgment on the pleadings.
 
 
 22
 (2) Second Motion for Summary Judgment
 
 
 23
 The trial court issued an order without objection from either party which required the filing of all motions several years earlier than the date on which defendants' second motion for summary judgment was filed. The first motion for summary judgment was denied by the court, and on appeal, this Court affirmed such denial. This Court stated that we would not consider a claim of the existence of probable cause because that had not been properly presented to the trial court. Then after remand, defendants filed their second motion for summary judgment relating solely to the issue of probable cause. The trial court found that such motion had been filed untimely because defendants had not filed a motion for permission to file it out of time, consistent with the pretrial order. Appellants contend that the pretrial order did not prevail over Rule 56(b), Federal Rules of Civil Procedure, which provides that a defendant may file a motion for summary judgment at any time. This Court in Dedge v. Kendrick, 849 F.2d 1398 (11th Cir.1988), held to the contrary. The Court there said:
 
 
 24
 The defendant ... appeals from the district court's denial of his motion for summary judgment. Under Fed.R.Civ.P. 16(b)(2), the district court is required to enter an order limiting the time to file and hear motions. In this case, the district court entered an order requiring that motions for summary be filed by October 30, 1987. The defendant filed his motion for summary judgment on December 7, 1987. Therefore, the district court properly denied the motion as untimely, and we need not address the merits of the motion on this appeal. See United States Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir.1985).
 
 
 25
 While we recognize that it is possible that the precise issue as to the conflict between the pretrial order and Rule 56(b) may not have been presented to the Court in Dedge, we need not base our decision solely on the Dedge case. We have already held that there was an issue of fact presented by the affirmative defense of probable cause. Thus, even if it was error for the trial court to refuse to consider the second motion for summary judgment, it was harmless error.
 
 
 26
 The judgment is AFFIRMED.