[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15147
Non-Argument Calendar
_____

D. C. Docket No. 05-00039-CV-3-MCR-EMT

PETER HERNANDEZ,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
SANTA ROSA CORRECTIONAL INSTITUTION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 9, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Peter Hernandez, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action challenging his treatment and conditions at a Florida correctional facility and the denial of his request for counsel. In his third amended complaint, he sued the Santa Rosa Correctional Institution and the following officers at the prison: Officer Schill, Officer Duframe, Officer Tynsdale, Officer Moses, and Sergeant Garlow. He appeals the district court's *sua sponte* dismissal[1] of that complaint for failure to state a claim and failure to exhaust administrative remedies, and the district court's dismissal of his related state law claims.[2]

On appeal, Hernandez first argues that he stated a claim upon which relief could be granted regarding the regular denial of certain meals in prison, his placement in a cold cell, and prison officers' verbal abuse and threats to him. Second, he argues that the prison or prison officers failed to protect him from an attack by other inmates during a hurricane evacuation. Third, he contends that he

---

[1] To the extent that Hernandez challenges the *sua sponte* dismissal on a procedural basis, we note that a district court may screen all complaints filed *in forma pauperis* and all prisoner suits seeking redress from governmental entities or government employees. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Because Hernandez was proceeding *in forma pauperis* as a prisoner and suing a state prison and prison officers, we reject his procedural challenge to the *sua sponte* dismissal prior to service of process on the defendants and prior to discovery.

[2] The district court also denied his request for counsel. To the extent that Hernandez challenges this denial on appeal, we conclude that the district court did not abuse its discretion in denying the request because the case did not involve any exceptional circumstances. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

stated a claim under the Equal Protection Clause because the alleged abuse he suffered was due to his race or nationality. Finally, he argues that he stated a First Amendment claim by alleging that two prison officers read his legal papers in prison, although the district court dismissed that claim because he failed to allege that he exhausted administrative remedies with regard to that claim.

I.

We review questions of law *de novo*. *McCoy v. Webster*, 47 F.3d 404, 406 (11th Cir. 1995). Because the language in both 18 U.S.C. §§ 1915(e)(2) and 1915A(b) mirrors the language in Fed.R.Civ.P. 12(b)(6), we review *de novo* dismissals under these provisions. *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Accordingly, we review *de novo* a district court's *sua sponte* dismissal of a complaint, pursuant to § 1915(e)(2) or § 1915A(b)(1), for failure to state a claim. *Id*. at 1279.

Under that standard, we must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:

3

(1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution.  42 U.S.C. § 1983.  The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency.  U.S. Const. amend. VIII; *Ford v. Wainwright*, 477 U.S. 399, 405-06, 106 S. Ct. 2595, 2599-2600, 91 L. Ed. 2d 335 (1986).  Accordingly, the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison.  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care," and must "protect prisoners from violence at the hands of other prisoners."  *Id.* at 832-33, 114 S.Ct. at 1976 (internal quotation omitted).

To state an Eighth Amendment violation, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct.  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  Under the "objective component," a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment.  *Id.*  The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety.  *Id.*  The Eighth Amendment only guarantees that prisoners are provided with a minimal civilized level of life's basic necessities.  *Id.*

4

Restrictive or even harsh conditions alone do not rise to the level of an Eighth Amendment violation. *Id.*

Second, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. *Id.* "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (internal quotation omitted).

Under the Eighth Amendment, a prisoner only is entitled to reasonably adequate food. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). A prison does not violate the Eighth Amendment by feeding a prisoner a minimal amount of food for a limited number of days. *Novak v. Beto*, 453 F.2d 661, 665, 668 (5th Cir. 1971) (no Eighth Amendment violation when prisoner in solitary confinement was fed 2 slices of bread per day, unlimited water, and a full meal every 3 days, and that restrictive diet did not extend beyond 15 days).

An Eighth Amendment violation may arise from allegations regarding the temperature to which a prisoner is exposed in prison, and the severity and duration of the exposure are relevant to the analysis. *Chandler*, 379 F.3d at 1294-95. However, "a prisoner's mere discomfort, without more, does not offend the Eighth

5

Amendment." *Id.* at 1295. We rejected a prisoner's Eighth Amendment claim based on his exposure to temperatures between 80 and 86 degrees all day during the summertime in Florida. *Id.* at 1297-98 (also noting that the cells were ventilated and the prisoner was not exposed to direct sunlight).

After reviewing the record, we conclude that the district court did not err in finding that Hernandez failed to state a claim regarding the routine deprivation of lunch to him five days per week for about five months. He did not allege that he was deprived of the two other daily meals or that he suffered physical harm from the deprivation, and under these circumstances, he did not allege a deprivation that posed an unreasonable risk of serious damage to his health. Likewise, Hernandez did not state a claim regarding his exposure to a cold cell for a two-month period in the winter in northern Florida due to a window that would not fully close. Hernandez admitted that the cell was heated for several early-morning hours each day and he wore his uniform. Thus, these circumstances did not demonstrate an unreasonable risk of serious damage to his health. Finally, Hernandez's allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (rejecting a claim that jailers "violated their duty of protection or

6

deprived the petitioner of his constitutional rights" based on threats from adult inmates, even if the threats were distressing). Therefore, we affirm the district court's dismissal of these Eighth Amendment claims.

II.

Although prison officials have a duty to protect a prisoner from violence by other prisoners, constitutional liability does not result from every injury suffered by a prisoner at the hands of another. *Farmer*, 511 U.S. at 833, 114 S. Ct. at 1976-77. In order to be held liable for failing to prevent an attack from other inmates, a prison official "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979. Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983. *Farrow* 320 F.3d at 1245.

In a § 1983 civil rights case, "an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996).

After reviewing the record, we conclude that Hernandez failed to state a claim that prison officials failed to protect him, which resulted in two attacks on him by other inmates during a hurricane evacuation. He alleged that these attacks

7

occurred because two prison officers read his legal papers and told other inmates that his criminal conviction was sexual in nature. However, he did not allege that prison officials responsible for determining how the inmates would be secured during the evacuation were aware that other inmates knew the nature of his conviction, or that inmates would react violently based on that knowledge. Thus, his claim must fail because he did not allege deliberate indifference. Hernandez also failed to allege deliberate indifference on the part of the individual prison officers that he sued who allegedly revealed the nature of his conviction to others. Specifically, he did not allege that they were aware of the security conditions during the evacuations or that they participated in securing the prisoners for the evacuations. Therefore, he failed to state a constitutional claim that the prison itself or the individual prison officers failed to protect him from an attack by other prisoners.

III.

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To establish such a claim, a prisoner can allege that: "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his

8

discriminatory treatment was based on some constitutionally protected interest, such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotations omitted); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). If a suspect classification, such as race, or a fundamental right is implicated, a court must apply strict scrutiny to that claim. *See Johnson v. California*, 543 U.S. 499, 506-07, 125 S. Ct. 1141, 1147, 160 L. Ed. 2d 949 (2005) (holding that strict scrutiny is the appropriate standard of review for racial classifications even in the prison context). There is no fundamental right implicated, however, when an inmate is subjected to harsh words or vulgar language. *Cf. Edwards*, 867 F.2d at 1274 n.1. If the allegations do not implicate a suspect class, then a court may evaluate only whether there was a rational basis for how the plaintiff was treated. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1074, 145 L. Ed. 2d 1060 (2000).

Here, Hernandez did not explicitly allege the basis for the denial of equal protection, but he did set forth allegations indicating that it was based either on his race or nationality, or on his status as a prisoner incarcerated on sex charges. Regardless of the possible basis for the alleged denial of equal protection, however, we conclude that Hernandez failed to state an equal protection claim because he did not allege facts showing that any similarly situated prisoners received more

9

favorable treatment. In fact, he alleged that the individual defendants subjected other inmates to the same form of verbal abuse that he suffered, "just for kicks." Moreover, Hernandez, like all inmates, does not enjoy a fundamental right to be free of verbal abuse, so that could not support a traditional equal protection claim, either. Because Hernandez did not allege that the individual defendants treated similarly situated prisoners more favorably than him, we conclude that the district court properly dismissed his equal protection claim.

IV.

"[W]e may affirm the district court on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 797-98 (11th Cir. 2005) (internal quotation omitted).

The Prison Litigation Reform Act of 1995 ("PLRA") "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, __, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007). The exhaustion requirement applies to all prisoner suits brought under § 1983 or any other federal law regarding prison conditions. *See* 42 U.S.C. § 1997e(a). However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S.

10

at __, 127 S. Ct. at 921 (overruling *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)) (rejecting the Sixth Circuit's requirement that a prisoner specifically plead exhaustion or provide documentary proof of exhaustion).

The First Amendment grants prisoners a limited constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22, 97 S. Ct. 1491, 1494-95, 52 L. Ed. 2d 72 (1977). The First Amendment also grants prisoners the right to receive mail from their counsel uncensored by prison officials. *Lemon v. Dugger*, 931 F.2d 1465, 1467 (11th Cir. 1991) (citing *Wolff v. McDonell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). This right promotes a prisoner's uninhibited communication with counsel. *Id.*

We conclude from the record that the district court erroneously dismissed Hernandez's First Amendment claim *sua sponte* based on his failure to exhaust administrative remedies. Although exhaustion was required for the claim, the district court should not have considered the issue *sua sponte* because Hernandez was not required to plead or demonstrate exhaustion in his complaint.

Nonetheless, we affirm the district court's dismissal of this claim because Hernandez failed to allege facts to support a First Amendment claim. He alleged only that two prison officers read his legal papers, not that they read his incoming legal mail. He did not allege that the legal papers contained correspondence with

11

an attorney or that the act inhibited his access to courts. Therefore, his allegations did not make out a First Amendment claim, and his complaint was subject to dismissal in that regard.[3]

Accordingly, we affirm the district court's dismissal of Hernandez federal claims and his related state claims.[4] However, because the district court's dismissal of Hernandez's First Amendment claim was without prejudice, we vacate the judgment in that regard and remand with instructions for the district court to consider whether dismissal of the count for failure to state a claim should be with or without prejudice. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (noting that dismissal for failure to state a claim may be with prejudice if plaintiff was given an opportunity to amend the complaint).

**AFFIRMED IN PART; VACATED AND REMANDED, IN PART.**

---

[3] We also affirm the district court's dismissal of Hernandez's conspiracy count because he did not state such a claim under 42 U.S.C § 1983 or § 1985. As noted above, he failed to state a claim regarding any substantive violations of his federal rights, and accordingly, he did not allege any actionable conspiracy. *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (addressing § 1983 conspiracies); *Park v. City of Atlanta*, 120 F.3d 1157, 1162 (11th Cir. 1997) (addressing § 1985 conspiracies).

[4] Because the district court properly dismissed Hernandez's federal claims, it properly chose not to exercise supplemental jurisdiction over his related state law claims. *See* 28 U.S.C. § 1367(a) and (c).