United States Court of Appeals,

Eleventh Circuit.

No. 95-2255.

John ROONEY, III, John Rooney, Jr., Marsha Rooney, Keith Rooney, By and Through his Next Best Friend, John Rooney, Jr., his father, Plaintiffs-Appellants,

v.

George Lee WATSON, individually and in his official capacity, County of Volusia, Defendants-Appellees,

Department of Public Safety, Volusia Co., Defendant.

Dec. 26, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-32-CIV), Anne C. Conway, Judge.

Before HATCHETT, Chief Judge, ANDERSON, Circuit Judge, and WOOD[*], Senior Circuit Judge.

HATCHETT, Chief Judge.

Following *Cannon v. Taylor,* 782 F.2d 947 (11th Cir.1986), the court affirms the district court's granting of summary judgment to a county and a deputy sheriff after finding that no constitutional deprivations resulted from an automobile accident.

BACKGROUND

On January 23, 1989, John Rooney III was driving his parents' truck, and his younger brother, Keith Rooney, was a passenger. George Watson, a deputy sheriff in Volusia County, Florida, while on duty, was driving his patrol vehicle southbound on Highway 11 traveling at approximately 82 miles per hour. The Rooneys were traveling northbound on Highway 11 and at Reynolds Road attempted to make a left turn. Watson's patrol vehicle struck the Rooneys'

---

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

vehicle.  At the time of impact, Watson's vehicle was traveling approximately 73 miles per hour.  Watson was neither engaged in a police pursuit nor responding to an emergency call, and he did not have his lights or sirens operating.  As a result of the accident, Keith Rooney sustained severe head injuries and John Rooney sustained bodily injuries and lost teeth.  Watson was not seriously injured.

On January 14, 1993, John Rooney, Jr., Marsha Rooney, John Rooney III, and Keith Rooney filed suit against Deputy Watson and Volusia County claiming constitutional violations under section 1983 and state law negligence claims.  Following the completion of discovery, the appellees moved for summary judgment.  The district court granted the appellees' motions for summary judgment on the federal civil rights counts on January 23, 1995, and in the same order declined to exercise supplemental jurisdiction over the state law claims.  In granting the appellees' motions for summary judgment, the district court relied on *Cannon v. Taylor,* 782 F.2d 947 (11th Cir.1986).

CONTENTIONS

The Rooneys contend that Watson's conduct amounted to a constitutional deprivation.  They argue that their case is distinguishable from *Cannon* because Volusia County had a *de facto* custom and policy that encouraged indiscriminate speeding and grossly negligent driving.  They assert that Keith Rooney was deprived of a normal life, John Rooney III was deprived of a normal life, and John, Jr. and Marsha Rooney were deprived of their property, the truck, due to Volusia County's longstanding policy of

allowing recklessness in the operation of patrol vehicles.

The Rooneys claim that the distinction between their case and "police-chase" cases that refused to find a constitutional violation is that this was not a "police-chase" case. In this case, Deputy Watson was not engaged in any pursuit of any kind. They contend that Volusia County's refusal to prevent reckless driving among patrol vehicles could have led a reasonable jury to find that it amounted to a deliberate indifference to the rights of third parties. They also argue that the district court confused the role of custom and policy in the allegation with the separate claim against Volusia County for failure to properly train and supervise, and as a result, the district court reached the wrong result. The Rooneys assert that the trial court failed to make the distinction between their claim for deprivation of life, liberty and property through a policy or custom, and their claim for deprivation of their constitutional rights through a failure to train or supervise. They contend that the Supreme Court recognized a "failure to train" as a cognizable civil rights claim in *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Watson and Volusia County contend that the district court properly granted summary judgment to them because the Rooneys failed to prove a constitutional deprivation actionable under section 1983. They argue that in order for the Rooneys to state a claim they must prove that a statute, ordinance, custom or policy of the government caused the government officer or employee to violate another's constitutional rights. Moreover, they argue that

Deputy Watson was not a policy maker for Volusia County;  that the Rooneys' claim of deprivation of substantive or procedural due process is not triggered by mere negligence;  that Deputy Watson's actions cannot rise to an unreasonable seizure in violation of the Fourth Amendment;  and that under this court's decision in *Cannon v. Taylor,* 782 F.2d 947 (11th Cir.1986), a negligent or even grossly negligent operation of a motor vehicle by a policeman acting in the line of duty does not give rise to a cause of action for violation of a federal right under section 1983.

## ISSUE

The sole issue we address in this appeal is whether the district court erred in granting summary judgment to the appellees in finding that no constitutional deprivation occurred.

## DISCUSSION

Our review of a district court's decision to grant summary judgment is *de novo. Hale v. Tallapoosa Co.,* 50 F.3d 1579 (11th Cir.1995).  We independently review the record to determine whether summary judgment was appropriate viewing the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.  *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  In making our determination, we view the record in the light most favorable to the nonmoving party and with all reasonable inferences resolved in their favor.  *Hale,* 50 F.3d at 1581.

I. Deputy Watson

The Rooneys brought this action under 42 U.S.C. § 1983 claiming that both Deputy Watson and Volusia County violated their constitutional rights to life, liberty, property, procedural due process and rights to travel under the United States Constitution. In order for the Rooneys to state a cause of action against Watson in his official capacity, we must determine (1) whether Watson's conduct alleged to have caused their harm occurred while he was acting under color of state law, and (2) whether his alleged conduct deprived the Rooneys of rights, privileges, or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Burch v. Apalachee Community Mental Health Servs., Inc.,* 840 F.2d 797, 800 (11th Cir.1988), *aff'd by, Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Our decision in *Cannon v. Taylor,* 782 F.2d 947 (11th Cir.1986), directs our analysis in this case. In *Cannon,* a police officer responding to a disturbance call at a local pool hall in Columbus, Georgia, struck another vehicle killing the driver of that vehicle. When responding to the call, the officer had neither his flashing lights nor siren activated even though he was traveling sixteen miles over the speed limit. Under Georgia law, at the time of the accident, police officers responding to emergency calls were allowed to exceed posted speed limits as long as they used their vehicles' flashing lights and siren. The decedent's family filed suit under 42 U.S.C. § 1983 claiming that

the police officer and the city of Columbus deprived the decedent of her life without due process of the law through reckless and excessive speeding without the use of lights and sirens. In that decision, this court held "that a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right." *Cannon,* 782 F.2d at 950. In reaching that conclusion, this court noted that it could not find any cases supporting the proposition that a police officer's negligence in operating his vehicle deprives an injured person of due process of law and that "automobile negligence actions are grist for the state law mill. But they do not rise to the level of a constitutional deprivation." *Cannon,* 782 F.2d at 949-50.

Under our reasoning in *Cannon,* Deputy Watson's single accident, whether we characterize it as negligence or even gross negligence causing the Rooneys harm, does not amount to a constitutional deprivation. Although Watson was not responding to an emergency call, we believe *Cannon* 's holding dictates the result we reach. In this case, Watson was on duty and on patrol at the time of the accident. Under the reasoning of *Cannon,* we do not believe that any alleged negligence on Deputy Watson's part amounts to a constitutional deprivation simply because he was speeding in the absence of an emergency response or police pursuit. Perhaps his driving at a high rate of speed in a non-emergency or non-pursuit situation reveals gross negligence rather than negligence, but it does not transform a state tort claim into a

constitutional deprivation under the circumstances of this case. Therefore, in the absence of a constitutional deprivation, the Rooneys cannot sustain a cause of action against Watson under section 1983.[1]

II. County of Volusia

The Rooneys also assert that Volusia County maintained a custom or policy of allowing patrol vehicles to drive recklessly. Consequently, they argue that they should be able to establish their section 1983 claim based upon Volusia County's custom or policy that led to their constitutional deprivation. As the district court correctly pointed out, an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.[2] *See Vineyard v. County of Murray, Georgia,* 990 F.2d 1207, 1211 (11th Cir.), *cert. denied,* 510 U.S. 1024, 114 S.Ct. 636, 126 L.Ed.2d 594 (1993).[3] Since we have determined that Deputy Watson's conduct did not cause the Rooneys to suffer a constitutional deprivation, we need not inquire into Volusia County's policy and custom relating to patrol vehicle operation and training. *Los Angeles v. Heller,* 475 U.S. 796, 799,

[1]The Rooneys may still maintain a cause of action under state law against Deputy Watson.

[2]The Rooneys also allege that Volusia County's failure to train officers for high speed vehicle operation leads to a cognizable cause of action under section 1983. The Rooneys cannot maintain this cause of action, however, because the automobile accident did not rise to a level of violating their constitutional rights.

[3]In *Vineyard,* we stated that "[o]nly when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise." *Vineyard,* 990 F.2d at 1211.

106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) (finding that a departmental policy or regulation authorizing the use of constitutionally excessive force is not relevant when a person has not been deprived of a constitutional right as a result of actions taken by an individual police officer); *see also Roach v. City of Fredericktown, Mo.,* 882 F.2d 294, 297-98 (8th Cir.1989) (finding that a municipality may be held liable under section 1983 for inadequate training only after determining that the plaintiff has suffered a constitutional deprivation as a result of the municipal employee's conduct). Therefore, our finding that the Rooneys did not suffer any constitutional deprivation makes it unnecessary to consider Volusia County's policy or custom.[4]

## CONCLUSION

Because we have determined that Deputy Watson's conduct did not deprive the Rooneys of any constitutional right, they cannot maintain a cause of action under section 1983. The district court's decision granting Deputy Watson and the County of Volusia's motions for summary judgment is affirmed.

AFFIRMED.

ANDERSON, Circuit Judge, concurring:

I concur in the judgment. For the reasons indicated in Judge Hatchett's opinion, I agree that Deputy Watson did not violate plaintiffs' constitutional rights. I also conclude that Volusia County did not violate plaintiffs' constitutional rights. I note that plaintiffs' only argument with respect to lack of training is

---

[4]A similar result obtains with respect to the Rooneys' other theories of liability based on a failure to train and unreasonable seizure.

the lack of high speed training *on the range*. However, I do not think that the lack of training on the range could be a contributing cause in this case. Deputy Watson did not lose control. Rather, the only possible causes of this accident are readily subject to training in the classroom (e.g., the obvious dangers of high speeds, especially at night, and in view of oncoming traffic). I note also that plaintiffs' evidence about speeding was vague and unhelpful and could not constitute the basis of liability on the county's part for a constitutional violation. In view of the evidence proffered by the plaintiffs in this summary judgment record, I readily conclude that plaintiffs have failed to show that Volusia County was deliberately indifferent in any manner that could have caused the accident.