**Paul WILLIAMSON, Plaintiff,**

v.

**˙PARKER HANNIFIN CORP., Defendant.**

**No. CV 01–BU–2678–M.**

United States District Court, N.D. Alabama, Middle Division.

June 21, 2002.

D Jeffrey Beaird, Gadsden, AL, for˙ plaintiff.

Nancy E Rafuse, William C Barker, Paul Hastings Janofsky & Walker, LLP, Atlanta, GA, David J Middlebrooks, Lehr Middlebrooks. Price & Proctor, PC, Birmingham, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUTTRAM, District Judge.

This case is presently before the Court on Defendant's motion for summary judg-

ment. (Doc. 15). Plaintiff has sued Defendant, his former employer, alleging that Defendant interfered with his rights under the Family Medical Leave Act ("FMLA") and that it retaliated against him for exercising such rights when it terminated him. For the reasons set forth below, Defendant's motion for summary judgment is GRANTED; Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

## I. *STATEMENT OF FACTS*

The relevant facts of this case are largely undisputed. On or about May 4, 2000, Plaintiff requested leave under the FMLA for the purpose of caring for his father. Defendant granted Plaintiff's leave request.

Around June 19, 2000, Plaintiff drove his wife to Miami to catch a flight to Honduras. During his stay in Miami, Plaintiff intended to visit his son, who had been in an accident. However, Plaintiff told his mother that "he was going to the state park ... in order to prevent her from worrying ... about .. his son." Doc. 17, p. 2 (citing Doc. 16, Exh. B at pp. 205–06).

On or about June 14, while Plaintiff was in Florida, Jean Savage, Defendant's Operation's Manager, and Rodney Atkins, Defendant's Human Resources Manager, tried to contact Plaintiff. On June 15, 2000, Atkins called Plaintiff's parent's house and Plaintiff's mother told him that Plaintiff had gone to the state park. Plaintiff spoke with Atkins on or about June 19, 2000, after he had returned from Miami.

On June 26, 2000, Atkins called Plaintiff and asked him to come in the following day; Plaintiff went straight to the plant. In a meeting, Atkins said to Plaintiff, "We understand you've gone camping." Doc. 16, Exh. B at p. 179. Plaintiff did not deny or otherwise respond to Atkins's statement. *Id.* at 180. Plaintiff was terminated the following day.

## II. *SUMMARY JUDGMENT STANDARD*

On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment has the initial responsibility of informing the Court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *see also Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). Once the moving party has satisfied its initial burden, the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company,* 32 F.3d 520, 523 (11th Cir.1994). In resolving whether a given factual dispute requires submission to a jury, a district court must view the record in the light most favorable to the nonmoving party and resolve all reasonable inferences in the nonmovant's favor. *Rooney v. Watson,* 101 F.3d 1378, 1380 (11th Cir.1996) (citing *Hale v. Tallapoosa Co.,* 50 F.3d 1579, 1581 (11th Cir.1995)).

## III. *DISCUSSION*

The purposes of the Family and Medical Leave Act, the law the Defendant is alleged to have violated, are to balance the demands on the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. 29 U.S.C. § 2601(b). The Act entitles eligible employees to take up to 12 workweeks of unpaid leave to care for the employee's spouse, or other family member who has a serious health condition (29 U.S.C. § 2612; 29 C.F.R. § 825.112), and the right to be restored by the employer to the position of employment held by the employee when the leave commenced or an equivalent position (29 U.S.C. § 2614(a)(1)). An employer may not deny its employees the right to these benefits and it may not interfere with its employee's right to take FMLA leave.

 However, an employer may terminate an employee on FMLA leave when the employer has good reason to conclude that the employee "was not using his leave time for its intended purpose." *Moughari v. Publix Super Markets, Inc.*, No. 4:97CV212–WS, 1998 WL 307454, *2 (N.D.Fla. Apr.27, 1998), *aff'd without opinion* 170 F.3d 188 (11th Cir.1999). As set forth above, Defendant had information that Plaintiff was using his FMLA leave to go camping, which was information Plaintiff did not rebut. Also, whether Plaintiff was camping or driving his wife to Miami and visiting his son, during the week of June 14, 2000, Plaintiff was not caring for his gravely ill father, which was the intended (and stated) purpose of his FMLA leave. Plaintiff cannot establish that De-

fendant interfered with his FMLA rights or retaliated against him for the exercise of such rights when it terminated him based upon its good faith belief that he was not using his FMLA leave for its intended purpose.[1] *Id. Cf. Medley v. Polk Co.*, 260 F.3d 1202, 1207–08 (2001) (citing *Kariotis v. Navistar Intern. Transp. Corp.*, 131 F.3d 672, 680–81 (7th Cir.1997); *Stonum v. U.S. Airways, Inc.*, 83 F.Supp.2d 894, 903 n. 12 (S.D.Ohio 1999); *Moughari*, 1998 WL 307454 at *2).

Therefore, for the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Court finds no disputed issue of material fact and that Defendant is entitled to judgment as a matter of law. Plaintiffs claims are hereby DISMISSED WITH PREJUDICE.

1. Plaintiff argues that Defendant's articulated reason for his termination is a pretext. The Court finds the evidence cited by the Plaintiff to be insufficient to establish a disputed issue of material fact. *See Kariotis v. Navistar Intern. Transp. Corp.*, 131 F.3d 672, 680–81 (7th Cir.1997). Nevertheless, the Court notes that Plaintiff testified in his deposition that he believes he was fired for complaining about a previous disciplinary action, not for taking FMLA leave. *See* Doc. 18, Exh. B at pp. 218–19.