[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12226
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00020-CV-WLS-1


WILLIAM WILCOX,
Individually,
SHIRLEY WILCOX,
His Wife,

Plaintiffs-Appellants,


versus


JEREMIAH FENN,
Individually and in his Official Capacity
as a Dougherty County Police Officer,
OSCAR GILLIAM,
Individually and in his Official Capacity
as a Dougherty County Police Officer,
DOUGHERTY COUNTY, GA, a
political Subdivision of the State
of Georgia,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 25, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

William Wilcox appeals the dismissal of his civil rights complaint, 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

Wilcox was involved in a car accident with Dougherty County police officer Jeremiah Fenn. Wilcox alleged that, while he was driving on Interstate 16, officer Oscar Gilliam rapidly approached him from behind. Fenn was driving behind Gilliam. The officers were not responding to an emergency and had not activated their flashing lights or sirens.[1] Gilliam, traveling over 90 miles per hour, suddenly changed lanes to pass Wilcox in a manner that caused Fenn to collide with Wilcox's vehicle. Wilcox lost control of his vehicle and suffered severe spinal cord injuries.[2]

Wilcox alleged that the officers' acts constituted an abuse of official power, resulting in the deprivation of Wilcox's Fourteenth Amendment substantive due process right to life, liberty, and property. Wilcox also alleged that Dougherty

---

[1]Wilcox alleged that the officers were driving to Savannah to participate in "Operation Rolling Thunder," a large scale program to deter speeding on highways.

[2]In addition, Wilcox's son, a passenger in the vehicle, died as a result of the accident.

2

County violated his constitutional rights by failing to train properly Fenn and Gilliam.

The district court granted Defendants' Fed.R.Civ.P. 12(c) motion for judgment on the pleadings and dismissed the complaint because Wilcox's allegations were not actionable under section 1983.[3] "We review de novo a district court's entry of judgment on the pleadings, accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party." Abdur-Rahman v. Walker, 567 F.3d 1278, 1280-81 (11th Cir. 2009).

Officials acting under the color of state law violate the substantive component of the Due Process Clause only when their conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." County of Sacramento v. Lewis, 118 S.Ct. 1708, 1717 (1998) (in the context of a high speed police pursuit of a suspect). The Supreme Court has made clear "that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. Indeed, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 1716 (quotation and citation omitted). We have stressed in our own cases that section 1983 must not be used "as a 'font of tort law'

---

[3]The district court also declined to exercise pendant jurisdiction over Wilcox's state law negligence claim.

3

to convert state tort claims into federal causes of action." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003). We also have noted that "even intentional wrongs seldom violate the Due Process Clause." Id. Briefly stated, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Lewis, 118 S.Ct. at 1718.

Here, we conclude that the district court committed no error in granting Defendants' motion for judgment on the pleadings: Wilcox's allegations did not state a claim of constitutional dimension. Though Defendants here may have driven recklessly, we have concluded that "a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right." Cannon v. Taylor, 782 F.2d 947, 950 (11th Cir. 1986).[4] Defendants' act in driving over the speed limit when not pursuing a suspect or responding to an emergency may have been negligent -- or even grossly negligent -- but was not so "egregious" as to be "arbitrary in the constitutional sense." Lewis, 118 S.Ct. at 1717-18.

---

[4]In Cannon, an officer responding to an emergency call drove at a high rate of speed without using his lights or siren and caused the death of a person crossing an intersection. Id. at 948.

Wilcox argues that his case is distinct from police pursuit and emergency response cases because Defendants here were not balancing countervailing safety interests, had time to deliberate on their acts, and knew that their acts would pose a grave danger to people like Wilcox. Thus, he contends, the district court should have evaluated whether the officers' acts were deliberately indifferent to a great risk of a known danger instead of whether the officers possessed an intent to harm Wilcox. See, e.g., Waddell, 329 F.3d at 1306 (explaining that, in certain non-custodial settings, to show a substantive due process violation, a plaintiff must show, at the very least, "deliberate indifference to an extremely great risk of serious injury to someone in Plaintiffs' position").

But we are unpersuaded that this distinction merits a different standard or result in this case. In Rooney v. Watson, 101 F.3d 1378 (11th Cir. 1996), an on-duty police officer (who was speeding, but was engaged in no police pursuit or emergency response) caused an automobile accident. Id. at 1379. Relying on Cannon, we concluded that the officer's single accident, whether characterized as negligence or gross negligence, did not amount to a constitutional deprivation; and no section 1983 cause of action existed. Id. at 1380-81. The officer was on duty and on patrol when the accident occurred, as were the officers in Wilcox's case. As in Rooney, we see no reason to adopt a different standard to apply to Wilcox's

5

circumstances.

Because Wilcox's claim against Dougherty County for improper training was dependent on the viability of his section 1983 claim against the officers, the district court correctly granted judgment on the pleadings on this claim too.

AFFIRMED.