[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

_____

No. 09-14574

_____

D. C. Docket No. 08-03877-CV-ODE-1

ROBERT BARNWELL,
As Surviving Spouse and
Personal Representative of
Tammy Barnwell, As Administrator
for the Estate of Tammy Barnwell,

Plaintiff-Appellant,

versus

DOUGLAS COUNTY,
DOUGLAS COUNTY BOARD OF COMMISSIONERS,
SHERIFF PHIL MILLER,
Douglas County, in both his official
and individual capacity,
CHRISTOPHER BLACK,
in both his official and individual
capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 30, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff Robert Barnwell, as the surviving spouse and personal representative of Tammy Barnwell, as well as in his capacity as administrator for the estate of Tammy Barnwell, appeals the district court's order staying discovery, granting partial judgment on the pleadings on Plaintiff's federal-law claims, and declining to exercise supplemental jurisdiction over the remaining state-law claims.

On the evening of November 14, 2007, on-duty Douglas County Deputy Sheriff Christopher Black was driving on a routine patrol in his county-owned patrol vehicle on a rural road in Douglas County, Georgia when he lost control of his vehicle, crossed the center line, and struck head-on an oncoming vehicle driven by Tammy Barnwell. Barnwell subsequently died from the injuries she sustained in this crash. It is undisputed that, at the time of the crash, Black was driving in excess of the speed limit–at times in excess of 88 miles per hour–and failed to activate his emergency lights or sirens. Black contends that, prior to the crash, he

received a dispatch call informing officers of a vehicle fleeing the scene of a suspected armed robbery several miles from Black's location. Plaintiff alleges that it is "unlikely" that Black was responding to this call at the time of the accident because the robbery was miles from Black's location, outside of his assigned patrol area, other officers were closer in proximity, Black failed to follow department policy and radio to dispatch his intent to respond to the robbery, and he failed to activate his emergency signals, as required by standard operating procedures for an officer responding to a dispatch.[1]

Plaintiff filed suit in the Superior Court of Douglas County, Georgia against Black, in his official and individual capacity, Douglas County, the Douglas County Board of Commissioners, and Douglas County Sheriff Phil Miller, in his official and individual capacity (hereinafter "Defendants").[2] The case was subsequently removed to the United States District Court for the Northern District of Georgia. In his amended complaint, Barnwell asserted state-law negligence and wrongful death claims, as well as federal § 1983 claims, against defendants Black, Miller and Douglas County. After the plaintiff voluntarily dismissed several of his

---

[1]Deputy Black subsequently pled guilty to vehicular homicide in the first degree, a felony under Georgia law. As a specific predicate offense to his conviction, Black admitted to committing the offense of reckless driving in that he "did drive a vehicle in reckless disregard for the safety of persons and property."

[2]The plaintiff has since voluntarily dismissed Douglas County Board of Commissioners as a defendant.

original claims, the only remaining claims were state-law negligence claims against defendants Douglas County and Sheriff Miller, in his official capacity, and § 1983 claims against defendants Douglas County, Black, and Miller, in both their individual and official capacities.

The issue currently before the court is whether the district court erred in granting the defendants' motions for partial judgment on the pleadings. "We review *de novo* judgment on the pleadings. . . ." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Id.* (quoting *Andrx Pharms., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005)). "We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).

The outcome of this case is controlled by *Rooney v. Watson*, 101 F.3d 1378 (11th Cir. 1996). In *Rooney*, a Florida deputy sheriff was speeding in his patrol vehicle when he collided with the plaintiffs' vehicle, injuring both the driver and the passenger. 101 F.3d 1378, 1379. Although the officer was on duty at the time of the crash, he was "neither engaged in a police pursuit nor responding to an

4

emergency call, and he did not have his lights or sirens operating." *Id.* Affirming the district court's grant of summary judgment, the court in *Rooney* held that the officer's accident did not amount to a constitutional violation, regardless of whether it amounted to negligence or even gross negligence. *Id.* at 1381. The court held:

> Under the reasoning of *Cannon* [*v. Taylor*, 782 F.2d 947 (11th Cir. 1986)], we do not believe that any alleged negligence on Deputy Watson's part amounts to a constitutional deprivation simply because he was speeding in the absence of an emergency response or police pursuit. Perhaps his driving at a high rate of speed in a non-emergency or non-pursuit situation reveals gross negligence rather than negligence, but it does not transform a state tort claim into a constitutional deprivation under the circumstances of this case.

*Id.*

As in *Rooney*, Deputy Black's conduct in this case, although likely tortious, does not rise to the level of a constitutional violation. Because we conclude that there was no constitutional violation, the municipality and the Sheriff are also entitled to judgment in their favor. *See Case v. Eslinger*, 555 F.3d 1317, 1328 (11th Cir. 2009) (concluding that Sheriff and municipality were entitled to summary judgment where the court found that there was no constitutional violation).

AFFIRMED.

5