[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16768
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00219-RH-CAS

CHARLIE J. WILLIAMS,

Plaintiff - Appellant,

versus

MORRIS A. YOUNG,
MIKE WOOD,
CORIZON HEALTH INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 20, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charlie Williams appeals the district court's grant of summary judgment in favor of Defendants Corizon Health, Inc. ("Corizon") and the Sheriff of Leon County, Florida ("Sheriff") in Williams's civil action, filed pursuant to 42 U.S.C. § 1983 and Florida law.[1]  Briefly stated, Williams contends that -- while he was a pre-trial detainee at Leon County Jail -- he received inadequate medical care for his inguinal hernia.  No reversible error has been shown; we affirm.

At all times pertinent to this appeal, Corizon was under contract with the Sheriff to provide medical care to inmates of the Leon County Jail.  The doctors and nurses that treated Williams at the jail were employees of Corizon.

Williams arrived at Leon County Jail on 22 June 2011, after having been earlier diagnosed with an inguinal hernia.  The next day, Williams complained about his hernia-related pain and was examined by a nurse.  Then, Williams was referred to the jail's doctor for further evaluation.  On 27 June, the jail's then-doctor -- Dr. Flodin -- examined Williams and determined that Williams likely needed to have his hernia surgically repaired.  Dr. Flodin then authorized a consult with a general surgeon at the local hospital.  Dr. Flodin also prescribed pain medication for Williams.  The record demonstrates that Williams's hernia was

---

[1] Williams abandoned his claim against the Sheriff of Gadsden County in the district court; the Gadsden County Sheriff is no party to this appeal.

examined at least every few days by a jail nurse and that Williams continued to receive pain medication.

On 19 July, Williams was evaluated by Dr. Neal, a general surgeon. Dr. Neal concluded that Williams required surgery but that the need for surgery was not urgent. Instead, Williams's surgery was considered elective and could be performed on an outpatient basis.

Soon thereafter, Williams was released on house arrest for two weeks -- from 25 July to 8 August -- so that he could undergo his hernia surgery. Williams reported to the hospital during this time, but the surgery was not performed. Some discrepancy exists in the record about the reason for postponing the surgery, but nothing evidences that Defendants were responsible for the delay.

Williams returned to the Leon County Jail on 8 August. He was evaluated by a jail nurse every few days and continued to receive pain medication. Williams was also issued a hernia belt to help alleviate his discomfort.

On 24 August, Williams was examined by the jail's new doctor, Dr. Garcia. Dr. Garcia admitted Williams to the jail's infirmary so that the hernia could be closely monitored. While Williams was in the infirmary, Dr. Garcia examined Williams's hernia daily. On 26 August, Dr. Garcia changed Williams's status from "infirmary" to "chronic patient," after determining that Williams was in chronic pain but was not acutely ill. In response to Williams's complaints, Dr. Garcia

3

prescribed stronger pain medication on 29 August.  Dr. Garcia examined Williams's hernia five more times between 31 August and 15 September.  The doctor ordered another surgical consult.

On 16 September, Williams complained of pain and began "moaning loudly and writhing around in his bed."  A nurse examined Williams's hernia.  A decision was made to have Williams transported to the local hospital.  The next day -- 17 September -- Williams's hernia was surgically repaired.

Williams filed this civil action against the Leon County Sheriff, in his official capacity, and against Corizon.  Williams asserted against both Defendants claims for deliberate indifference -- pursuant to section 1983 -- and for negligence under Florida law.  Williams claimed that Defendants delayed in performing necessary surgery on the hernia and that this delay caused him greater-than-necessary pain.

The district court granted Defendants' motion for summary judgment.  The district court first determined that Williams presented only "a classic case of a disagreement about appropriate treatment" that cannot constitute deliberate indifference.  The district court also determined that Defendants were entitled to summary judgment on Williams's negligence claim.

We review a district court's grant of summary judgment de novo.  We view the evidence and all reasonable factual inferences in the light most favorable to the

nonmoving party.  Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

Summary judgment is appropriate when there is "no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).

I.

On appeal, Williams first challenges the district court's grant of summary

judgment in favor of Defendants on the claim for deliberate indifference.[2]

Williams contends that his hernia should have been corrected surgically earlier

than it was.  Williams also asserts that Defendants should have prescribed him

stronger pain medication.

For medical treatment to rise to the level of a constitutional violation, the

care must be "so grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness."  Harris v. Thigpen, 941

F.2d 1495, 1505 (11th Cir. 1991).  "Mere incidents of negligence or malpractice do

not rise to the level of constitutional violations."  Id.  "Nor does a simple difference

---

[2] As a pre-trial detainee, Williams's claim of deliberate indifference is governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009).  Nevertheless, Williams's claim is evaluated under the same standard as a claim for inadequate care under the Eighth Amendment.  See Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).

in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Id. To show deliberate indifference to a serious medical need, therefore, a plaintiff must demonstrate that defendants' response to a serious medical need "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (quotations omitted).

The district court was right in concluding that Defendants' conduct constituted no deliberate indifference. Upon Williams's arrival at the jail, jail medical staff identified Williams as having a hernia and as needing additional medical attention. The jail doctor took affirmative steps to have Williams evaluated by a general surgeon. Defendants also facilitated Williams's surgery by arranging for him to be released on house arrest. Nothing evidences -- and Williams does not allege -- that Defendants were responsible for any delay in being evaluated by the general surgeon or for the circumstances that led to Williams's then scheduled surgery being postponed.

Williams's condition was evaluated regularly by jail doctors and nurses. Each time Williams's hernia was examined, jail medical staff determined that the hernia posed no immediate risk. This conclusion was consistent with Dr. Neal's

assessment that Williams's surgery could be performed on an elective (that is, non-emergency) basis.  Jail medical staff also treated Williams's hernia symptoms, including providing pain medication and a hernia belt.

On this record, the care Williams received was adequate and certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  See Harris, 941 F.2d at 1505.  Any delay in receiving surgery was mainly because -- based on the medical opinion of three separate doctors -- Williams's hernia remained treatable without immediate surgery.  That Williams believed he should have had surgery earlier than he did -- or that he should have received stronger pain medication -- is insufficient to support a deliberate indifference claim.  See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a class example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Harris, 941 F.2d at 1505.

Construing the facts in the light most favorable to Williams, the record does not demonstrate that Defendants' conduct rose to a constitutional violation.  Because Williams has failed to demonstrate a constitutional deprivation, we need not inquire into the Sheriff's policies and customs on the provision of medical care to inmates or to the handling of medical grievances.  See Rooney v. Watson, 101

7

F.3d 1378 (11th Cir. 1996) ("an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").

## II.

Williams also appeals the district court's grant of summary judgment on his state-law negligence claim against the Sheriff.[3]  To the extent that Williams's negligence claim is premised on the jail staff having redirected Williams's medical grievances to Corizon, we agree with the district court's determination that Williams has identified no negligent conduct.  To the extent that Williams's negligence claim is based on the jail staff's failure to provide or to ensure that Williams received adequate medical care, that claim constitutes a claim for medical negligence under Florida law.  That Williams failed to comply with the pre-suit requirements for bringing a claim for medical negligence -- as required by Fla. Stat. § 766.106 -- is undisputed.  The district court, thus, committed no error in granting summary judgment on Williams's state-law negligence claim.

AFFIRMED.

---

[3] Williams presents no challenge to the district court's grant of summary judgment on his negligence claim against Corizon; that claim is abandoned.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

8