[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14170
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-14408-RLR

RICARDO MEDRANO-ARZATE,
EVA CHAVEZ-MEDRANO,
as Personal Representative of the
ESTATE OF HILDA MEDRANDO, Deceased,

Plaintiffs-Appellants,

versus

SHERIFF OF OKEECHOBEE COUNTY,
Paul C. May, individually,
OKEECHOBEE COUNTY, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2017)

Before HULL, WILSON and BLACK, Circuit Judges:

PER CURIAM:

Plaintiffs Ricardo Medrano-Arzate and Eva Chavez Medrano, as Personal Representative of the Estate of Hilda Medrano (Appellants), appeal the district court's dismissal of their amended complaint against Paul C. May, individually and as Sheriff of Okeechobee County, and Okeechobee County (Appellees). The complaint arises out of the death of Hilda Medrano on December 1, 2013, when the vehicle in which she was a passenger collided with a vehicle driven by Deputy Joseph Anthony Gracie of the Okeechobee County Sheriff's Office. Appellants filed suit against May, individually and in his capacity as Sheriff, and Okeechobee County, but did not file suit against Deputy Gracie. Appellants alleged that certain policies implemented by the Appellees, pursuant to which Deputy Gracie was unable to operate his lights and sirens while responding to an emergency call, caused the collision and Hilda Medrano's death.

While we agree with the district court that Hilda Medrano's death was tragic, we also agree that the Appellants have failed to state a claim against the Appellees under § 1983. As Appellants do not allege that Deputy Gracie's conduct amounted to a deprivation of Hilda Medrano's constitutional rights, Appellants cannot maintain an action against Appellees under § 1983 based upon the policies alleged to have caused Hilda Medrano's death. Appellants concede their claim is foreclosed by *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a

2

constitutional deprivation has occurred.").  Thus, we affirm the district court's dismissal.  *See McKusick v. City of Melbourne*, 96 F.3d 478, 482 (11th Cir. 1996) (reviewing *de novo* a district court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure state a claim).

**AFFIRMED.**